Dear Mr. Gaudin:
This office is in receipt of your request for an opinion of the Attorney General in regard to the Workforce Investment Board serving Workforce Development Area 40. You indicate Federal law re-quires a certain number of institutions to have members on the Board, and the number of private individuals must exceed the number of individuals representing public entities. The Board in question consists of 39 members from seven different parishes. The Board adopted by-laws that provide it would require 15 members for a quorum, but the Department of Labor indicated to the Board that a quorum must be a simple majority.
You ask whether the Board can adopt a policy in its by-laws that 15 out of 39 members would constitute a quorum.
We note that the purpose of 29 UCS 2811 et seq. is to provide work-force investment activities through statewide and local systems to increase employment, retention and earning of participants, and thereby improve the quality of the workforce, reduce welfare dependency, and enhance the productivity of the Nation. In each local area of the state there shall be a local workforce investment board with membership as specified in29 U.S.C. § 2832. In the definition of R.S. 23:2061, Paragraph 8 provides as follows:
 "Workforce development entity" means an entity with representatives of a variety of interests, including at least the private sector, public sector, education, organized labor, community-base organizations, and economic development agencies, whose purpose is to provide policy guidance and exercise oversight with respect to job training. It shall include a private industry council as described in the Job Training Partnership Act (Chapter 19 of Title 29 of the United States Code, 29 U.S.C. §§ 1501 et seq.) or such successor entity as may be established by federal law.
R.S. 23:2191 provides for Workforce Development Boards for every Workforce Development Area, and sets forth the duties and functions. In addition to the duties and function assigned by the commission, the Board is to develop, review and approve local work-force development plans, to review plans for workforce education, welfare, school-to-work, and Wagner-Peyser Act, and provide over-sight and evaluation of the effectiveness of workforce development activities. Under 29 USCA 2833 the local board must submit a 5-year local plan, consistent with the State plan, to the Governor, along with comments made to the board by the public after having public hearings and notice to the news media of the plan.
Therefore, we find the requirements of the open meetings law applicable to the Board as R.S. 42:4.2 defines a "public body" as (a)ny other state, parish, municipal, or special district boards, commissions or authorities * * * where such body possesses policy making, advisory, or administrative functions * * *. R.S.42:4.2 further provides that a quorum "means a simple majority of the total membership of a public body." This office has found in order to establish a quorum of a public body "the physical presence of a simple majority of the total membership of that body is required." Atty. Gen. Op. No 99-385.
While there is no violation of the open meetings law where less than an actual quorum of the public body meets when no decisions, votes or other actions are taken, a quorum or simple majority is otherwise required to conduct business. This office has stated that the by-laws promulgated by a public body "may not abrogate the provisions of the Open Meetings Law." Atty. Gen. Op. Nos. 96-221, 93-457.
Therefore, we would conclude that the Board for Workforce Development Area 40 cannot conduct business with 15 members as a quorum for a Board that consists of 39 members. A quorum must be a majority.
We hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By:___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr